SIMON P. HAGER *et al.*, Appellants, v. JOHN BRANDT *et al.*

PRESUMPTION OF MARRIAGE: *Grantees in deed.* A deed was executed by T. H., and signed, also, by E. H., who acknowledged it as his wife. There was some evidence that at the time of the execution of the deed he was living with her as his wife, though in fact married to another, but there is no evidence that he ever lived with the latter. The grantees and their purchasers had held and occupied the premises under the deed for over thirty years, in the belief that the woman who signed the deed was the wife of the grantor. *Held*, that without clear

evidence of a former marriage, it would be presumed that the one with whom he lived was his wife.

*Appeal from Bremer District Court.*—HON. J. F. CLYDE, Judge.

THURSDAY, MAY 24, 1900.

ACTION in partition. The petition was dismissed, and the plaintiffs appeal.—*Affirmed.*

*E. L. Smalley* for appellants.

*Sager & Sweet* and *G. W. Ruddick* for appellees.

LADD, J.—In 1864 Thomas Hager acquired the forty acres of land in controversy, and in 1866 conveyed it to one Read, under whom, through mesne conveyances, the defendant Brandt claims title. The plaintiffs alleged that Hager was then married to Eva Hager, who did not join in the deed, and that they are entitled to an undivided one-third of the land, as her heirs. This deed was signed by the grantor, making his mark, and by "Elizabeth Hager," who acknowledged it before a justice of the peace as his wife. Thomas Hager and Elizabeth Romesburg lived together as husband and wife several years in Bremer county, and were so doing at the time this instrument was executed. Shortly before they left there, in 1866, Miller says, she advised him they were not married. However, they were then keeping house alone, and the record is silent as to how long their relations continued. The evidence throws some doubt on the identity of plaintiff's ancestor as the grantor of this land, but, conceding this to have been established, it utterly fails to show the existence of the marital relation between Thomas and Eva Hager at the time the deed was executed. True, Simon Hager testified that they were married, but he did not undertake to say at what time. For all that appears, it may have been after the return of Thomas to Fayette county, Pa., about 1872. We are not permitted to presume marriage from the fact of having children, especially in view of the circumstances that at that very time he was cohabiting with another woman as his wife. If presumptions are to be indulged in, they are in favor of innocence, and that Hager did not live with the Romesburg woman in a state of adultery. There is no evidence that Thomas and Eva ever lived together, and it affirmatively appears that from 1864 to the time of his death, in 1883, he lived apart from her, though in the same community. This land has been held and occupied by Brandt and his grantors for over thirty years under the well-grounded supposition that the wife of Hager joined in the conveyance to Read, and they ought not to be deprived of their property without clear

proof that she who made her mark as his wife was not such in fact, and that another, under whom plaintiffs claim, did sustain that relation then and at the time of his death. In each particular the evidence is insufficient.—AFFIRMED.